UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ESTATE OF MATTHEW KRUPAR, by     §
and through Administrator JOE KRUPAR,  §
     *Plaintiff*,     §
      §
v.     §
      §     Civil Action No.: 3:21-cv-137
      §
PATRICK BRADSHAW AND THE CITY     §
OF LEAGUE CITY, TEXAS,     §
     *Defendants*.     §
      §

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS

     Defendants City of League City, Texas and Officer Patrick Bradshaw move to dismiss the claims asserted in Plaintiff's amended complaint [Doc. 22].

CERTIFICATE OF COMPLIANCE WITH COURT'S PROCEDURE

1.    The Court granted Plaintiff leave to amend his complaint [Doc. 21], and Plaintiff filed his amended complaint on January 13, 2022 [Doc. 22]. The Court authorized the Defendants to respond to Plaintiff's claims by filing a motion to dismiss within 21 days after the amended complaint was filed [Doc. 21]. Defendants herein timely move to dismiss Plaintiff's claims due to Plaintiff's failure to state a claim for relief against either Defendant.

## TABLE OF CONTENTS

Certificate of Compliance with Court's Procedure ............................................................. i

Table of Contents........................................................................................................................ ii

Table of Authorities ................................................................................................................. iv

Nature and Stage of Proceeding ............................................................................................. 1

Summary of the Argument ....................................................................................................... 1

Plaintiff's Allegations................................................................................................................ 1

Arguments and Authorities....................................................................................................... 2

I.    Plaintiff failed to satisfy the pleading standard required to state a claim. .................... 2

II.   Plaintiff failed to allege facts which show a Fourth Amendment violation. ................ 5

    A.   Plaintiff has not alleged facts which show reasonable grounds were
        lacking for Krupar's seizure. ......................................................................................... 5

    B.   Plaintiff has not alleged facts which plausibly show excessive force................... 6

III.  Plaintiff failed to allege facts which show a Fourteenth Amendment violation. ......... 7

    A.   Plaintiff's seizure claim is not cognizable under the Fourteenth
        Amendment. ...................................................................................................................... 7

    B.   Plaintiff has not alleged facts which show a denial of medical care..................... 8

IV.  Plaintiff failed to allege facts that support a claim against the city. ............................. 11

    A.   Municipal liability generally. ..................................................................................... 11

    B.   Plaintiff has not alleged facts which plausibly show an unconstitutional
        city policy. ....................................................................................................................... 11

        1.   Plaintiff's allegations fail to show an unconstitutional city
            policy of police using excessive force.......................................................... 12

        2.   Plaintiff's allegations fail to show an unconstitutional city
            policy of failing to discipline officers. ........................................................ 13

        3.   Plaintiff's allegations fail to identify a constitutionally deficient
            police training policy. ..................................................................................... 14

4.   Plaintiff's allegations fail to show the City has a
constitutionally deficient police supervision policy. ..................................... 18

C.   Plaintiff's allegations fail to show the City's policy maker was culpable. .......... 19

1.   There are no factual allegations showing ratification of
unconstitutional conduct. ................................................................................. 21

D.   Plaintiff's allegations fail to show any City policy was the moving force
that directly caused a violation of Plaintiff's rights. ............................................ 22

V.   Plaintiff failed to allege facts which overcome Officer Bradshaw's immunity. ........ 23

Conclusion and Prayer ...................................................................................................... 25

Certificate of Service ........................................................................................................ 26

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albright v. Oliver*,
    510 U.S. 266, 114 S. Ct. 807 (1994) .......................................................................... 8

*Alderson v. Concordia Parish Corr. Facility*,
    848 F.3d 415 (5th Cir. 2017) .............................................................................. 10, 11

*Alton v. Tex. A & M Univ.*,
    168 F.3d 196 (5th Cir. 1999) ..................................................................................... 9

*Alvarez v. City of Brownsville*,
    904 F.3d 382 (5th Cir.) (en banc), *cert. denied*, 139 S. Ct. 2690 (2019) ......... 12, 20, 22

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................. 2, 3, 6

*Babb v. Dorman*,
    33 F.3d 472 (5th Cir. 1994) ..................................................................................... 24

*Backe v. LeBlanc*,
    691 F.3d 645 (2012) ................................................................................................ 24

*Baker v. McCollan*,
    443 U.S. 137, 99 S. Ct. 2689 (1979) ....................................................................... 7, 8

*Baker v. Putnal*,
    75 F.3d 190 (5th Cir. 1996) ..................................................................................... 17

*Batyukova v. Doege*,
    994 F.3d 717 (5th Cir. 2021) ................................................................................... 10

*Beattie v. Madison County School District*,
    254 F.3d 595 (5th Cir. 2001) ................................................................................... 22

*Benavides v. County of Wilson*,
    955 F.2d 968 (5th Cir. 1992) .............................................................................. 15, 17

*Bennett v. City of Slidell*,
    728 F.2d 762 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985) ...................... 11

*Berry v. McLemore*,
    670 F.2d 30 (5th Cir. 1982) ....................................................................... 13

*Brosseau v. Haugen*,
    543 U.S. 194 (2004) ......................................................................... 13, 24

*Brown v. Bryan County*,
    219 F.3d at 462 ........................................................................ 18, 19, 22

*Brown v. Callahan*,
    623 F.3d 249 (5th Cir. 2010) ..................................................................... 24

*Brown v. City of Houston*,
    337 F.3d 539 (5th Cir. 2003) ..................................................................... 19

*Burge v. St. Tammany Parish*,
    336 F.3d 363 (5th Cir. 2003) ................................................................ 19, 20

*Cady v. Dombrowski*,
    413 U.S. 433, 93 S. Ct. 2523 (1973) ............................................................. 5

*Carroll v. Ellington*,
    800 F.3d 154 (5th Cir. 2015) ...................................................................... 7

*City of St. Louis v. Praprotnik*,
    485 U.S. 112, 108 S. Ct. 915 (1988) ........................................................ 19, 21

*Clark v. Thompson*,
    850 Fed. Appx. 203 (5th Cir. 2021) ............................................................. 12

*Conn v. Gabbert*,
    526 U.S. 286 ..................................................................................... 8

*Conner v. Travis County*,
    209 F.3d 794 (5th Cir. 2000) ..................................................................... 17

*Connick v. Thompson*,
    560 U.S. 51 (2011) ......................................................................... 11, 15

*Coon v. Ledbetter*,
    780 F.2d 1158 (5th Cir. 1986) ................................................................... 14

*Covington v. City of Madisonville*,
    812 Fed. Appx. 219 (5th Cir. 2020) ............................................................. 11

*Cuvillier v. Sullivan*,
    503 F.3d 397 (5th Cir. 2007) ............................................................... 3, 4

*Davidson v. Cannon*,
    474 U.S. 344, 106 S. Ct. 668 (1986)........................................................ 10

*Davidson v. City of Stafford*,
    848 F.3d 384 (5th Cir. 2017) ................................................................. 14

*Estate of Davis*,
    406 F.3d at 386............................................................................... 18

*Devenpeck v. Alford*,
    543 U.S. 146, 125 S. Ct. 588 (2004)......................................................... 5

*Deville v. Marcantel*,
    567 F.3d 156 (5th Cir. 2016) ................................................................ 6

*Domino v. Texas Department of Criminal Justice*,
    239 F.3d 752 (5th Cir. 2001) ................................................................ 9

*Easter v. Powell*,
    467 F.3d 459 (5th Cir. 2006) ................................................................ 11

*Flores v. County of Hardeman*,
    124 F.3d 736 (5th Cir. 1997) ................................................................ 8

*Fraire v. City of Arlington*,
    957 F.2d 1268 (5th Cir. 1992) ........................................................... 13, 22

*Gomez v. Massey*,
    2020 U.S. Dist. LEXIS 53454, 2020 WL 1492702 ................................. 1, 13

*Gomez v. Massey*,
    2020 U.S. Dist. LEXIS 556047 (S.D. Tex., Feb. 26, 2020) (Andrew M.
    Edison presiding) .......................................................................... 13

*Gomez v. Massey*,
    2020 U.S. Dist. LEXIS 56047, 2020 WL 1495255 (S.D. Tex. February
    26, 2020) (Andrew M. Edison, UNITED STATES MAGISTRATE
    JUDGE)..................................................................................... 1, 13

*Graham v. Conner*,
    490 U.S., 109 S. Ct. (1989).................................................................. 8

*Haggerty v. Texas Southern University,*
391 F.3d 653 (5th Cir. 2004) ............................................................. 5

*Hare v. City of Corinth,*
74 F.3d 633 (5th Cir. 1996) (*en banc*) ............................................... 9

*Harper v. Merkle,*
638 F.2d 848 (5th Cir.), *cert. denied,* 454 U.S. 816, 102 S. Ct. 93 (1981) .................. 8

*Hyatt v. Thomas,*
843 F.3d 172 (5th Cir. 2016) ............................................................. 10

*James v. Harris County,*
577 F.3d 612 (5th Cir. 2009) ....................................................... 20, 22

*Johnson v. Treen,*
759 F.2d 1236 (5th Cir. 1985) .......................................................... 10

*Lawson v. Dallas County,*
286 F.3d 257 (5th Cir. 2002) ............................................................. 9

*Malley v. Briggs,*
475 U.S. 335 (1986) ....................................................................... 25

*Manuel v. City of Joliet,*
137 S. Ct. 911 (2017) ....................................................................... 8

*Martinez v. Maverick County,*
507 Fed. Appx. 446 (5th Cir.), *cert. denied,* 2013 U.S. LEXIS 4806
(2013) ................................................................................. 10, 17

*Mason v. Lafayette City-Parish Consol. Gov't,*
806 F.3d 268 (5th Cir. 2015) ............................................................ 10

*Mendenhall v. Riser,*
213 F.3d 226 (5th Cir. 2000) ............................................................ 24

*Mendoza v. Lynaugh,*
989 F.2d 191 (5th Cir. 1985) ............................................................ 10

*O'Neal v. City of San Antonio,*
344 Fed. Appx. 885 (5th Cir. 2009) ..................................................... 17

*Oklahoma City v. Tuttle,*
471 U.S. 808, 105 S. Ct. 2427 (1985) ................................................... 15

*Oklahoma v. Brown*,
  520 U.S. 397, 117 S. Ct. 1382 (1997) ............................................................ 19, 20, 22

*Oliver v. Scott*,
  276 F.3d 736 (5th Cir. 2002) ............................................................................ 24

*Ontiveros v. City of Rosenberg*,
  564 F.3d 379 (5th Cir. 2009) ............................................................................ 24

*Orr v. Copeland*,
  844 F.3d 484 (5th Cir. 2016) ......................................................................... 7, 25

*Papasan v. Allain*,
  478 U.S. 265, 106 S. Ct. 2932 (1986) .............................................................. 12

*Peña v. City of Rio Grande City*,
  879 F.3d 613 (5th Cir. 2018) ....................................................................... 11, 17

*Peterson v. City of Fort Worth*,
  588 F.3d 838 (5th Cir. 2009) ............................................................................ 12

*Pfanstiel v. City of Marion*,
  918 F.2d 1178 (5th Cir. 1990) .......................................................................... 25

*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir.2001) ................................................................. 12, 14, 22, 23

*Poole v. City of Shreveport*,
  691 F.3d 624 (5th Cir. 2012) .............................................................................. 7

*Pratt v. Harris County, Tex.*,
  822 F.3d 174 (5th Cir. 2016) ........................................................................... 6, 7

*Price v. Roark*,
  256 F.3d 364 (5th Cir. 2001) .............................................................................. 5

*R2 Investments LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) .............................................................................. 4

*Rhyne v. Henderson County*,
  973 F.2d 386 (5th Cir. 1992) ............................................................................ 20

*Roberts v. City of Shreveport*,
  397 F.3d 287 (5th Cir. 2005) ....................................................................... 15, 17

*Rodriguez v. Avita*,
   871 F.2d 552 (5th Cir. 1989) .................................................................. 15

*Saucier v. Katz*,
   533 U.S. 194, 121 S. Ct. 2151 (2001) ................................................ 7, 24

*Schultea v. Wood*,
   47 F.3d 1427 (5th Cir. 1995) (EN BANC) ................................................ 24

*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019) ........................................................... 2, 4, 23

*Shumpert v. City of Tupelo*,
   905 F.3d 310 (5th Cir. 2018) ...................................................................... 7

*Smith v. Brenoettsy*,
   158 F.3d 908 (5th Cir. 1998) .................................................................... 20

*Snyder v. Trepagnier*,
   142 F.3d 791 (5th Cir. 1998) .............................................................. 15, 23

*Southard v. Texas Board of Criminal Justice*,
   114 F.3d 539 (5th Cir. 1997) .................................................................... 18

*Southland Sec. Corp. v. Inspire Solutions, Inc.*,
   365 F.3d 353 (5th Cir. 2004) ...................................................................... 4

*Spiller v. City of Texas City*,
   130 F.3d 162 (5th Cir.1997) ..................................................................... 12

*Stanley v. City of Baytown*,
   2005 U.S. Dist. LEXIS 48504 (S.D. Tex. 2005) ......................................... 5

*Stanton v. Sims*,
   134 S. Ct. 3 (2013) ................................................................................... 24

*Surratt v. McClarin*,
   851 F.3d 389 (5th Cir. 2017) .................................................................... 25

*Tarver v. City of Edna*,
   410 F.3d 745 (5th Cir. 2005) ...................................................................... 7

*Thompson v. Mercer*,
   762 F.3d 433 (5th Cir. 2014) .................................................................... 24

*Thompson v. Upshur County, Texas,*
   245 F.3d 447 (5th Cir.2001) ................................................................. 9, 18

*U.S. v. Abdo,*
   733 F.3d 562 (5th Cir.2013) ......................................................................... 5

*United States v. King,*
   990 F.2d 1552 (10th Cir. 1993) .................................................................. 5

*United States v. Rideau,*
   949 F.2d 718 (5th Cir. 1991), *rev.'s on other grounds*, 969 F.2d 1572
   (5th Cir. 1992) ............................................................................................... 5

*Vann v. City of Southaven,*
   884 F.3d 307 (5th Cir. 2018) (Per Curiam) ............................................. 25

*Vulcan Materials Co. v. City of Tehuacana,*
   238 F.3d 382 (5th Cir. 2001) ...................................................................... 3

*Waganfeald v. Gusman,*
   674 F.3d 475 (5th Cir. 2012) .................................................................... 24

*Wells v. Bonner,*
   45 F.3d 90 (5th Cir. 1995) ........................................................................... 5

*Worsham v. Pasadena,*
   881 F.2d 1336 (5th Cir. 1989) ............................................................. 11, 19

*Zarnow v. City of Wichita Falls,*
   614 F.3d 161 (5th Cir. 2010) ................................................................ 15, 17

**Statutes**

42 U.S.C. § 1983 .........................................................................................*passim*

TEX. OCC. CODE § 1701.251 ....................................................................... 16

**Other Authorities**

Fourth Amendment .....................................................................................*passim*

Fourteenth Amendment ......................................................................... 1, 7, 8

FED. R. CIV. P. 8(a)(2) ................................................................................. 3

## NATURE AND STAGE OF PROCEEDING

2.     Plaintiff filed suit on March 23, 2021 [Doc. 1], and after being granted leave of Court, Plaintiff amended his complaint on January 13, 2022 [Docs. 21, 22]. The allegations in Plaintiff's amended complaint fail to state a plausible claim for relief against either the City or Officer Bradshaw, so Defendants move the court to dismiss Plaintiff's lawsuit.

## SUMMARY OF THE ARGUMENT

3.     Plaintiff failed to allege facts which show a violation of the Fourth or Fourteenth Amendment. Plaintiff failed to allege facts that overcome Officer Bradshaw's qualified immunity. Plaintiff failed to allege facts which show an unconstitutional city policy was the moving force that directly caused a violation of the Plaintiff's rights.

## PLAINTIFF'S ALLEGATIONS

4.     League City police officer Bradshaw fatally shot Matthew Krupar. [Doc. 22, ¶¶ 1, 26]. Officer Bradshaw reported authorities and investigators that he shot Matthew Krupar because he believed that he was "in a life and death struggle." [Doc. 22, ¶ 36]. No criminal charge was filed against Officer Bradshaw, and he has not been removed from or disciplined by the League City police force. [Doc. 22, ¶¶ 4, 45]. The City determined the fatal shooting was a justifiable homicide. [Doc. 22, ¶ 42].

5.     League City police officers have killed four individuals during the two years before Matthew Krupar died. [Doc. 22, ¶ 5]. A lawsuit was filed based on one of those shootings, and this Court granted summary judgment finding no violation of federal law. *Gomez v. Massey*, 2020 U.S. Dist. LEXIS 56047, 2020 WL 1495255 (S.D. Tex. February 26, 2020) (Andrew M. Edison, UNITED STATES MAGISTRATE JUDGE), adopted in *Gomez v.*

1

*Massey*, 2020 U.S. Dist. LEXIS 53454, 2020 WL 1492702 (S.D. Tex. March 27, 2020 (Jeffrey Vincent Brown, UNITED STATES DISTRICT JUDGE presiding).

6.      Officer Bradshaw was a uniformed patrol officer at the time of the shooting. [Doc. 22, ¶¶ 15-17]. When shot, Matthew Krupar was wearing underwear and a t-short, was unarmed, and not a physically large person. [Doc. 22, ¶¶ 19-21, 27]. Immediately before Officer Bradshaw shot Matthew Krupar, Krupar was not close enough to strike or attempt to disarm Officer Bradshaw. [Doc. 22, ¶ 30]. Immediately before Officer Bradshaw shot Matthew Krupar, Krupar did not try to disarm Officer Bradshaw. [Doc. 22, ¶ 30]. When shot, Matthew Krupar was standing with his hands out to his side, without concealment, at the edge of a street in the daylight. [Doc. 22, ¶ 30].

7.      Emergency medical service personnel arrived to provide medical care to Matthew Krupar approximately three minutes after he was shot. [Doc. 22, ¶ 33]. Officer Bradshaw did not personally provide medical care to Matthew Krupar. [Doc. 22, ¶ 33].

## ARGUMENTS AND AUTHORITIES

### I.      Plaintiff failed to satisfy the pleading standard required to state a claim.

8.      "The Supreme Court is no-nonsense about pleading specificity requirements: '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019)(quoting, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). Like in *Shaw,* Plaintiff claims to be entitled to relief, but Plaintiff's complaint does not show it. *Id.* To state a claim, a complaint must identify both **factual** and **legal grounds** which could entitle

Plaintiff to relief against each defendant sued. *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007).

9.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

> Determining whether a complaint states a plausible claim for relief will, [], be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief."

*Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted).

10.     A court does not accept legal conclusions as true, a complaint "must be supported by factual allegations." *Id*. Merely listing generalized legal standards and unsupported statistics, without providing substantive factual matter to support them, as Plaintiff has done in this case, does not state a claim. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions only provide framework for a complaint which is properly supported by accompanying factual allegations, *Iqbal*, 556 U.S. at 679.

11.     A court is not required to accept Plaintiff's legal conclusions as true. Instead, Plaintiff's complaint "must be supported by factual allegations." *Id*. Plaintiff's factual

allegations must "raise a right to relief above the speculative level." *Cuvillier*, 503 F.3d at 401. The Court should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Solutions, Inc*., 365 F.3d 353, 361 (5th Cir. 2004). A complaint states a claim only where well-pleaded *factual* allegations plausibly support an entitlement to relief. *Id.* "Post-*Iqbal*, formulaic recitations or bare-bones allegations will not survive a motion to dismiss." *Shaw*, 918 F.3d at 419.

12.     The initial step necessary to analyze the sufficiency of a complaint to state a claim is sorting factual allegations that are entitled to assumption of the truth from mere conclusory assertions. In ¶¶ 4-7 *supra*, Defendants have identified the factual allegations in the Plaintiff's complaint. The remainder of the complaint consists of legal conclusory and other conclusory assertions, that are barren of facts entitled to assumption of the truth and that fail to provide any context for plausibly showing a cognizable claim for relief. Without contextually valid factual allegations that show Matthew Krupar's actions, to which Officer Bradshaw was required to react in the performance of his police duties, the Court is left with no means of determining whether any claim alleged is plausible. Likewise, without factual allegations which show culpability of the City, the City cannot be liable to the Plaintiff even if Officer Bradshaw's alleged reaction to the threat Matthew Krupar posed could plausibly be construed to violate the constitution or laws of the United States.

## II.     Plaintiff failed to allege facts which show a Fourth Amendment violation.

### A.     Plaintiff has not alleged facts which show reasonable grounds were lacking for Krupar's seizure.

13.     Probable cause to arrest Matthew Krupar for committing *any offense* bars all claims based on the propriety of detention. *See Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S. Ct. 588 (2004); *Haggerty v. Texas Southern University*, 391 F.3d 653, 655 (5th Cir. 2004); *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). "Law enforcement officers not only investigate crimes but also perform 'community caretaking functions, [which are] totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." *Stanley v. City of Baytown*, 2005 U.S. Dist. LEXIS 48504 *14 (S.D. Tex. 2005) (Ewing Werlein, Jr. presiding) (quoting *Cady v. Dombrowski*, 413 U.S. 433, 93 S. Ct. 2523, 2527 (1973)). "Community caretaking functions include stopping or seizing a citizen for his own safety and/or the safety of others, regardless of the officers' suspicion of criminal activity or lack thereof." *Id*. (citing *United States v. King*, 990 F.2d 1552, 1560 (10th Cir. 1993) (citing *United States v. Rideau*, 949 F.2d 718, 720 (5th Cir. 1991), *rev.'s on other grounds*, 969 F.2d 1572, 1574 (5th Cir. 1992). "In determining whether such a seizure violates an individual's Fourth Amendment rights, the critical inquiry is whether the officers possessed 'specific and articulable facts which… reasonably warrant[ed] [an] intrusion into the individual's liberty." *Stanley supra* at *15 (quoting *King*, 990 F.2d at 1560) "'[P]olice may take reasonable actions under the circumstances to ensure their own safety, as well as the safety of the public, during an encounter with a suspect,'" *U.S. v. Abdo*, 733 F.3d 562, 565

(5th Cir.2013), even if, upon hindsight, the facts turned out differently.

14.     In ¶¶ 65-67 of Plaintiff's complaint, Plaintiff asserts only the legal conclusion that Matthew Krupar's seizure was unconstitutional. Plaintiff has not alleged facts which plausibly supports this conclusion. Without such factual allegations which provide context necessary to evaluate Krupar's actions during his mental health episode or Officer Bradshaw's reactions to the threat Krupar's actions posed, Plaintiff has failed to plausibly show a Fourth Amendment violation.

15.     Plaintiff admits Krupar was experiencing a "mental health issue," and that Officer Bradshaw reported Officer Bradshaw "believed that he was in a life and death struggle," but Plaintiff provides no factual allegation that would allow the Court to find plausible support for Fourth Amendment claim based on these scant allegations, which more likely plausibly support Officer Bradshaw's action. [Doc. 22 ¶¶ 3, 23-24, 36]. Plaintiff failed to identify facts showing Matthew Krupar's actions that Plaintiff alleges manifested Krupar's mental health episode. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff has not alleged facts which plausibly show lack of reasonable grounds to seize Krupar.

**B.     Plaintiff has not alleged facts which plausibly show excessive force.**

16.     "[T]o establish a claim of excessive force under the Fourth Amendment, [Plaintiff] 'must demonstrate (1) [an] injury; (2) which resulted directly and only from a use of force that was *clearly excessive*, and (3) the excessiveness of which was clearly *unreasonable*.'" *Pratt v. Harris County, Tex*., 822 F.3d 174, 181 (5th Cir. 2016) (quoting *Deville v.*

*Marcantel*, 567 F.3d 156, 167 (5th Cir. 2016) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). An officer does not violate the Fourth Amendment by deploying force "with 'measured and ascending' actions that corresponded to [Krupar's] escalating verbal and physical resistance." *Pratt*, 822 F.3d at 182 (quoting *Poole v. City of Shreveport*, 691 F.3d 624, 629 (5th Cir. 2012); Accord *Shumpert v. City of Tupelo*, 905 F.3d 310, 321-24 (5th Cir. 2018); *Orr v. Copeland*, 844 F.3d 484, 492-95 (5th Cir. 2016); *Carroll v. Ellington*, 800 F.3d 154, 174, (5th Cir. 2015).

17.     Without facts regarding the nature of Krupar's "mental health issue," [Doc. 22 ¶ 20], and the risk Krupar's resulting behavior posed to Officer Bradshaw and others - the facts that led Officer Bradshaw to report he "subjectively believed that he was in a life and death struggle" [Doc. 22 ¶ 36] - the Court cannot find plausible support for a claim. *Compare, Saucier v. Katz*, 533 U.S. 194, 205, 121 S. Ct. 2151 (2001). Under the Fourth Amendment's objective reasonableness standard, "[i]f an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed." *Id*. Therefore, even if Plaintiff's conclusory assertions could reasonably be construed proper factual allegations, they still fail to supply the context required to plausibly show unconstitutional force.

## III.     Plaintiff failed to allege facts which show a Fourteenth Amendment violation.

### A.     Plaintiff's seizure claim is not cognizable under the Fourteenth Amendment.

18.     The civil rights statute, 42 U.S.C. § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker*

*v. McCollan*, 443 U.S. 137, 145, 99 S. Ct. 2689, 2695 n.3 (1979). Because a claim under §

1983 seeks to impose liability for violation of a constitutionally protected right, it cannot

be viewed exclusively in terms of traditional tort-law concepts as Plaintiff urges the Court

to do. *Compare Baker*, 443 U.S. at 142, 99 S. Ct. at 2693; *Harper v. Merkle*, 638 F.2d 848,

860 (5th Cir.), *cert. denied*, 454 U.S. 816, 102 S. Ct. 93 (1981). "The Framers [of the

Constitution] considered the matter of pretrial deprivations of liberty and drafted the Fourth

Amendment to address it." *Albright v. Oliver*, 510 U.S. 266, 274, 114 S. Ct. 807, 813

(1994); *accord Manuel v. City of Joliet*, 137 S. Ct. 911, 914-15 (2017). Where, as here, a

provision of the Constitution—the Fourth Amendment—provides an explicit textual

source of constitutional protection, a court must assess a plaintiff's claim under that explicit

provision and not the more generalized notion of substantive due process. *See Conn v.

Gabbert*, 526 U.S. 286, 293 1999) (*quoting Graham v. Conner*, 490 U.S. at 395, 109 S. Ct.

at 1865 (1989)). The claim Officer Bradshaw used excessive force during an investigatory

stop, arrest, or other seizure of Krupar must instead be analyzed under the Fourth

Amendment's objective reasonableness standard. *See Graham*, 490 U.S. at 395, 109 S. Ct.

at 1871. Therefore, as a matter of law, Plaintiff's detention and force claims are not

cognizable under the Fourteenth Amendment.

**B.     Plaintiff has not alleged facts which show a denial of medical care.**

19.     To establish a claim based on an alleged denial of medical care, Plaintiff must allege

facts which meet the threshold requirement of plausibly showing that Officer Bradshaw

was subjectively deliberately indifferent to a known need for urgent medical care. *See,

Flores v. County of Hardeman*, 124 F.3d 736 (5th Cir. 1997). "Deliberate indifference is

an extremely high standard to meet." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (emphasis added). "Deliberate indifference in the context of an episodic failure to provide reasonable medical care means: 1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur." *Thompson v. Upshur County, Texas,* 245 F.3d 447, 458–459 (5th Cir.2001).

20.     "The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that [an officer was] actually aware of the risk, yet consciously disregarded it." *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). "[L]iability attaches only if [an officer] actually knew not merely should have known about the risk." *Olabisiomotosho*, 185 F.3d at 528. "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). "[T]he proper inquiry is whether the [officer] had a culpable state of mind in acting or failing to act." *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (*en banc*). That "inquiry begins with the fundamental rule that negligent inaction by a jail officer does not violate the rights of a person lawfully held in custody by the State." *Id*. at 645. Liability for inaction by officers attaches only when an officer's failure to act amounts to deliberate indifference to a detainee's rights. *Hare*, 74 F.3d at 639. "Deliberate indifference, i.e., the subjective intent to cause harm, cannot be inferred from [an officer's] failure to act reasonably." *Hare*, 74 F.3d at 649.

21.     The mere fact, even if substantiated by appropriate factual allegations, that "an

official was aware of a substantial risk to [an individual's] safety does not alone establish deliberate indifference." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). Even officers "who actually knew of a substantial risk to [one's] health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Hyatt supra*. "To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "[E]ven if an officer responds without the due care a reasonable person would use – such that the officer is only negligent – there will be no liability." *Hyatt*, 843 F.3d at 178 (citing *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S. Ct. 668 (1986)).

22.     Additionally, to state a claim for denial of medical care, Plaintiff was required to allege facts which show that Matthew Krupar's death or further injury was separately caused by the alleged denial or medical care and not simply caused by the gunshot wounds that created the need for care. *See Batyukova v. Doege*, 994 F.3d 717, 733 (5th Cir. 2021); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1985); *Martinez v. Maverick County*, 507 Fed. Appx. 446, 448 (5th Cir.), *cert. denied*, 2013 U.S. LEXIS 4806 (2013).

23.     Plaintiffs' allegations not only fail to show a denial of medical care; the allegations disprove such a claim. Emergency medical service personnel arrived to provide medical care to Matthew Krupar approximately three minutes after he was shot. [Doc. 22, ¶ 33]. That Officer Bradshaw did not personally provide medical care to Matthew Krupar, does not show an unconstitutional denial of medical care. *Compare*, *Batyukova*, 994 F.3d at 732-33; and *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 279 (5th Cir. 2015).

Plaintiff's allegations fail to show that Officer Bradshaw "refused to treat [Matthew Krupar], ignored [Krupar's] complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Alderson*, 848 F.3d at 420 (quoting *Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006)).

## IV.   Plaintiff failed to allege facts that support a claim against the city.

### A.   Municipal liability generally.

24.     "The premise that the theory of *respondeat superior* does not apply in section 1983 actions brought against a municipality has become well entrenched in our jurisprudence." *Worsham v. Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989). "[U]nder § 1983, local governments are responsible only for '*their own* illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011). To state a claim against the City, Plaintiff must "plead facts that plausibly support each element of § 1983 municipal liability." *Covington v. City of Madisonville*, 812 Fed. Appx. 219, 224 (5th Cir. 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)). To state a claim against the City, Plaintiff must allege facts which plausibly show: (1) an unconstitutional City policy existed; (2) that a City policymaker knowingly created or tolerated the unconstitutional policy; and (3) that the City's policy was the moving force that directly caused the violation of a Plaintiff's rights. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

### B.   Plaintiff has not alleged facts which plausibly show an unconstitutional city policy.

25.     Plaintiff does not allege facts which identify any unconstitutional League City governmental policy. *See Alvarez v. City of Brownsville*, 904 F.3d 382 (5th Cir.) (en banc), *cert. denied*, 139 S. Ct. 2690 (2019). Instead, Plaintiff vaguely refers to four other officer-involved shootings that have occurred in League City, without any context as to how any of them relate to the incident made the basis of this suit, much less a city policy or practice. [Doc. 22, ¶¶ 5, 44, 47-50]. Furthermore, Plaintiff's factually unsupported and contextually barren statistical assertion does not show an unconstitutional League City policy. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 851-52 (5th Cir. 2009); *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir.2001); *Clark v. Thompson*, 850 Fed. Appx. 203, 207-209 (5th Cir. 2021).

26.     To avoid dismissal of claims against the City, Plaintiff's "description of a [City governmental] policy or custom and its relationship to the underlying constitutional violation, […] cannot be conclusory; **it must contain specific facts**." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir.1997) (emphasis added). The Court is "not bound to accept as true [Plaintiff's] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986).

### 1.     Plaintiff's allegations fail to show an unconstitutional city policy of police using excessive force.

27.     Without tying any allegation to Plaintiff's conclusory assertion of an unconstitutional city policy, including a policy of using excessive force, Plaintiff asserts vaguely and with unsupported statistical analyses that League City police officers were involved in "killing four citizens (including a high school student)" in less than two years

before Matt Krupar was killed." [Doc. 22, ¶¶ 5, 47-49]. But, these facts, even if stated accurately, do not themselves identify any city policy at all.  At most, this demonstrates the well-accepted fact that, from time to time, and based on unique and often tense and uncertain circumstances, police officers must use force, including deadly force.  That fact does not a city policy make.

28.     Curiously as well, the case involving the high school student about which Plaintiff appears to refer is *Gomez v. Massey*, a case this Court evaluated and dismissed. *Compare Gomez v. Massey*, 2020 U.S. Dist. LEXIS 53454, 2020 WL 1492702 (S.D. Tex. March 27, 2020) (Jeffrey Vincent Brown presiding), *adopting Gomez v. Massey*, 2020 U.S. Dist. LEXIS 556047, (S.D. Tex., Feb. 26, 2020) (Andrew M. Edison presiding) *with* [Doc. 22, ¶ 36]. This Court's holding in *Gomez* is useful in illustrating in the case now before this Court, an important point the Supreme Court discussed in *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004). "[T]his area is one in which the result depends very much on the facts of each case." Since Plaintiff has still not alleged facts necessary in this case that show any unconstitutional City policy, Plaintiff has not stated a claim a claim for relief against the City.

### 2.     Plaintiff's allegations fail to show an unconstitutional city policy of failing to discipline officers.

29.     It is well-settled that a City's decision not to discipline an officer for alleged excessive force does not equate ratification sufficient to allege municipal liability.  *See*, *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992), in *Berry v. McLemore*, 670 F.2d 30 (5th Cir. 1982), the Fifth Circuit re-affirmed its rejection of this all-too-

common effort to essentially impose repondeat superior liability under § 1983. Plaintiff's

disagreement with the City's conclusions regarding *alleged* acts of misconduct, reviewed

under the unique facts of each incident, cannot support a claim against the City. *See also,*

*Piotrowski*, 237 F.3d at 581-82.

30.     Curiously, though Plaintiff alludes that Officer Bradshaw *was* disciplined, just not

"in any meaningful way," [Doc. 22, ¶ 41], shortly later, Plaintiff contradicts Plaintiff's

pleading, stating later that "Defendant Bradshaw was not, and has not been, disciplined"

for this incident. [*Id*. at ¶ 45]. Yet, regardless of what Plaintiff asserts about any discipline

or lack of discipline of Officer Bradshaw matters not. The City's decision not to discipline

a police officer for using force cannot alone plausibly support an assumption the City has

a policy of using excessive force. *See Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir.

1986); *Davidson v. City of Stafford*, 848 F.3d 384, 395-96 (5th Cir. 2017).

31.     Plaintiff has not alleged facts which show that the City had a policy of failing to

discipline Officer Bradshaw, or any other officer for some other event from 2013-2020.

Plaintiff's failure to assert *factual* allegations showing an unconstitutional City policy

regarding supervision requires dismissal of this claim as well.

### 3.     Plaintiff's allegations fail to identify a constitutionally deficient police training policy.

32.     In equally complete disregard of well-settled Supreme Court and circuit authority,

and Texas state mandated minimum training for peace officers that *has consistently been*

*found to be at least constitutionally adequate*, Plaintiff conclusorily asserts a failure to train

claim, despite the fact "[a] municipality's culpability for a deprivation is at its most tenuous

where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. "[T]he 'policy' [of failure to train] is far more nebulous, and a good deal further removed from the constitutional violation in *Monell*..." *Oklahoma City v. Tuttle*, 471 U.S. 808, 822, 105 S. Ct. 2427 (1985). "To prevail on a failure to train theory a plaintiff must demonstrate: (1) that the [government's] training procedures were inadequate, (2) that the [government] was deliberately indifferent in adopting its training policy and (3) that the inadequate training policy directly caused the violations in question." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (internal quotations omitted). A "plaintiff must demonstrate 'at least a pattern of similar incidents in which the citizens were injured...to establish the official policy requisite to municipal liability under section 1983.'" *Id*. at 798-99 (quoting *Rodriguez v. Avita*, 871 F.2d 552, 554-55 (5th Cir. 1989)) (internal quotation and citation omitted). An adequate training program need only "enable officers to respond properly to the usual and recurring situations with which they must deal." *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992). Therefore, in evaluating the sufficiency of allegations of a claim of an unconstitutionally inadequate *training policy*, "the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998). To be sure, to state a claim "based on an 'inadequate training' claim, a plaintiff **must allege with specificity** how a particular training program is deficient." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (emphasis added).[1]

---

[1] Anything less would violate *Iqbal's* prohibition of conclusory pleadings and mere assertions of factually unsupported legal theories.

33.     In addressing this claim, the Court may and should take judicial notice of Chapter 1701 of the TEXAS OCCUPATIONS CODE which demonstrates the State of Texas has statutorily delegated the Texas Commission on Law Enforcement (TCOLE) as the state agency responsible for identifying and establishing peace officer training and licensing standards sufficient to prepare Texas *all* peace officers to perform the duties entrusted to them. This legislative mandate specifically designates TCOLE as the state agency responsible for establishing a statewide comprehensive education and training program for all peace officers to qualify to obtain and maintain a peace officer license. Chapter 1701 of the TEXAS OCCUPATIONS CODE mandates TCOLE training curriculum specifically include training regarding the Fourth Amendment and law enforcement activities related thereto. Plaintiff does not, and could not, allege that Officer Bradshaw did not have this training; because he did.

34.     Specifically, TEX. OCC. CODE § 1701.251 provides that TCOLE "shall establish and maintain training programs for officers." Section 1701.253 further requires TCOLE "shall establish a statewide comprehensive education and training program on civil rights…" and which "covers the laws of [the state of Texas] and of the United States pertaining to peace officers" for all licensed law enforcement officers in Texas. Section 1701.352(d) additionally requires that, within twenty-four months of appointment as a supervisor, all law enforcement officer supervisors receive training regarding supervising police officers. Sections 1701.307 and 1701.351 provide that, to obtain and maintain, a peace officer license, an officer must satisfactorily meet all TCOLE training and licensing standards.

35.     No federal court has held that TCOLE training standards fail to meet minimum

constitutional requirements and several courts have held to the very contrary. *Compare,*
*Zarnow*, 614 F.3d 171; *Martinez*, 507 Fed. Appx. at 448-49; *O'Neal v. City of San Antonio*,
344 Fed. Appx. 885, 888-89 (5th Cir. 2009); *Roberts*, 397 F.3d at 293; *Pineda*, 291 F.3d at
334; *Conner v. Travis County*, 209 F.3d 794, 798 (5th Cir. 2000); *Baker v. Putnal*, 75 F.3d
190, 199-200 (5th Cir. 1996); *Benavides*, 955 F.2d at 973.

36.     Here, as a rote assertion, Plaintiff mentions and provides unsupported statistical
analyses, but elaborates no further, that other officers were involved in shootings that
occurred in League City, each under their own unique, yet completely unaddressed, facts.[2]
Without specific *facts* linking these unique events is obviously unrelated to the sufficiency
of Officer Bradshaw's training or a City's policy regarding training.

37.     Plaintiff claims further, but equally conclusorily, that the City is liable for failure to
train *or* supervise police officers.[3] However, this bald legal conclusion does not address
the relevant problem for Plaintiff's claims, much less overcome them. Plaintiff has not
alleged facts which show the City's officers, and specifically Officer Bradshaw, received
"no training whatsoever," as necessary to state a claim based on an alleged constitutionally
deficient police training policy. *See, Peña*, 879 F3d at 624. Moreover, Plaintiff has failed
to allege facts which show that TCOLE standards are constitutionally deficient, much less
the City's policymaker knew they are to support an allegation of deliberate indifference.
Plaintiff's allegations fail to allege a constitutionally deficient police training policy.

---

[2] Plaintiff does not identify any shooting incident that was determined to be unconstitutional.
[3] *See also*, Section II.B.3. of this motion.

4.   **Plaintiff's allegations fail to show the City has a constitutionally deficient police supervision policy.**

38.    Similarly, to support the claim of a constitutionally deficient police *supervision policy*, Plaintiff must allege facts which show: (1) the City *systematically* failed to supervise its officers; (2) a causal connection existed between the alleged failure to supervise officers and deprivation of Plaintiff's rights; and (3) the failure to supervise officers occurred due to deliberate indifference of the City's policymaker. *Davis*, 406 F.3d at 381; *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001); *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997). Instead, Plaintiff simply states the "League City Police Department failed to supervise Defendant Bradshaw even though it was aware that he showed 'little patience or empathy when dealing with others.'"[4]

39.    Yet to show a policy of failing to train, under the single incident exception as Plaintiff posts here, Plaintiff was required to allege facts which show the City's police officers failed to receive *any* supervision despite a *known* deficiency. *Estate of Davis*, 406 F.3d at 386; *Brown v. Bryan County*, 219 F.3d at 462. Falling way short of Plaintiff's burden once again, Plaintiff addresses supervision solely through legal conclusions in ¶¶ 5, 47, 55, and 81(a) of Plaintiff's amended complaint, none of which contain any factual allegation, and certainly without any factual allegation that satisfies any element of the test to state a claim for relief based upon an alleged constitutional deficiency in the City's police supervision policy. Plaintiff fails to allege facts which state a claim based on a city policy

---

[4] Notably, Plaintiff identifies absolutely no facts explaining Plaintiff's scurrilous conclusions about Officer Bradshaw or showing the City's awareness of some merely alleged personal traits.

or providing no supervision or training to officers.

### C. Plaintiff's allegations fail to show the City's policy maker was culpable.

40.     "When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality." *Praprotnik*, 485 U.S. at 127. A City official or employee is not a "policymaker" unless the governmental entity, through its lawmakers, has officially and formally delegated exclusive policymaking authority to that official, employee, or board such that the governing body cannot review the decisions or actions of the official, employee or board in question. *See Worsham*, 881 F.2d at 1340-41; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

41.     Moreover, *advance* "knowledge on the part of a policymaker that a constitutional violation will most likely result from a given official custom or policy is a *sine qua non* of municipal liability under section 1983." *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). In *Bryan County*, 520 U.S. at 400, the Supreme Court made clear the standard for the *rare* case in which a governmental entity may have liability under § 1983.

> [I]n enacting § 1983, Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the "moving force" behind the plaintiff's deprivation of federal rights.

(internal citations omitted) (emphasis in original).

42.     "A plaintiff seeking to establish [governmental] liability on the theory that a facially lawful [governmental] action has led an employee to violate a plaintiff's rights must demonstrate that the [governmental] action was taken with 'deliberate indifference' as to its known or obvious consequences." *Brown*, 520 U.S. at 407. "[Governmental] liability

must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Id*.

43.     ""[D]eliberate indifference' is a stringent standard of fault, requiring proof that a [governmental policymaking] actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410, 117 S. Ct. at 1391. "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted). "Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentional oversight." *Alvarez*, 904 F.3d at 391 (emphasis added) (quoting *James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992)). Moreover, "[t]o base deliberate indifference on a single incident, 'it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy." *Alvarez*, 904 F.3d at 390 (quoting *Burge*, 336 F.3d at 373).

44.     Here, Plaintiff still has not alleged a single *fact* which shows the City's policymaker is responsible for creating or enforcing a city policy that permits, let alone was the moving force that directly caused, a constitutional violation. Plaintiff does not even mention the City's policymaker in the complaint. Plaintiff has not – because Plaintiff cannot – specify any unconstitutional City policy attributable to the City's policymaker. Plaintiff's bare allegations do not satisfy the pleading standard required to support this aspect of a claim against the City.

### 1.   There are no factual allegations showing ratification of unconstitutional conduct.

45.     Additionally, Plaintiff's allegations fail to state a claim based on the all-to-often but generally insupportable theory of ratification after-the-fact. Plaintiff's factual allegations do not show the City ratified actually unconstitutional conduct of which the City was aware when it supposedly acted. In *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S. Ct. 915 (1988), the Supreme Court addressed the *theoretical possibility* of a claim based on a municipal policymaker's ratification of prior unconstitutional conduct. "If the authorized policymakers approve a subordinate's decision **and the basis for it**, their ratification would be chargeable to the municipality because their decision is final." *Praprotnik*, 485 U.S. at 127, 108 S. Ct. at 926. (Emphasis added). Of course, *Praprotnik* was an employment, not law enforcement liability, case and the Supreme Court did not decide *Praprotnik* based on ratification. *Praprotnik*, 485 U.S. at 126-30. Important to case at bar, the *Praprotnik* Court, instead, refused to impute liability to the City of St. Louis. *Id*. The Supreme Court reaffirmed that a "city cannot be held liable under § 1983 unless [Plaintiff] proved the existence of an unconstitutional municipal policy." *Praprotnik*, 485 U.S. at 128, 108 S. Ct. at 926. "[T]he mere failure to investigate the basis of a subordinate's discretionary decisions does not amount to a delegation of policymaking authority, especially where the wrongfulness of the subordinate's decision arises from a retaliatory motive or other unstated rationale." *Praprotnik*, 485 U.S. at 130, 108 S. Ct. at 928. Therefore, the ratification of alleged unconstitutional conduct by the City's police officers is not chargeable to the City unless the plaintiff alleges *facts* which plausibly show that the City's

**authorized policymaker** approved of **both** the conduct of which Plaintiff complains **and** the officers' basis for taking this challenging action. *See Beattie v. Madison County School District*, 254 F.3d 595, 603 (5th Cir. 2001).

46.     Plaintiff has not alleged any facts which show the City's policymaker was ever presented with such an opportunity, let alone that it approved of conduct by Officer Bradshaw the City's policymaker had reason to believe at the time was unconstitutional.

> **D.      Plaintiff's allegations fail to show any City policy was the moving force that directly caused a violation of Plaintiff's rights.**

47.     Even if this Court could indulge Plaintiff's bald allegations as showing an unconstitutional City, the City still cannot be held liable because Plaintiff's allegations fail to show a city policy was the "moving force" that by its very operation, directly caused a deprivation of Matthew Krupar's rights. *Compare Alvarez*, 904 F.3d at 390 and *James*, 577 F.3d at 618-619. "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. "[A] Plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Brown*, 520 U.S. at 404, 117 S. Ct. at 1388. "In addition to culpability, there must be **a direct causal link** between the municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579 (emphasis added).

> This connection must be more than a mere 'but for' coupling between cause and effect. To form the basis of liability under § 1983, a **municipal policy must be affirmatively linked to the constitutional violation and be the moving force behind it**.

*Fraire*, 957 F.2d at 1281 (emphasis added).

48.     "[*Board of the County Commissioners of*] *Bryan County* [, *Oklahoma v. Brown*, 520

U.S. 397, 117 S. Ct. 1382 (1997)] underscores the need for *Monell* [*v. New York City Dept. of Social Servs*. 436 U.S. 658, 98 S. Ct. 2018 (1978)] plaintiffs to establish both the causal link ("moving force") and the city's degree of culpability ("deliberate indifference" to federally protected rights). *Snyder*, 142 F.3d at 791. "In addition to culpability, [the pleadings must show] a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579. It is crucial that governmental culpability and governmental causation "not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski supra* (quoting *Snyder*, 142 F.3d at 798).

49.     Plaintiff's conclusory assertion the City "encourages [League City police officers] to use unreasonably deadly force,"[5] without more, fails to state a claim for relief against the City. [Doc. 22, ¶ 5, 44, 81]. There is no allegation in the Plaintiff's amended complaint that could reasonably support the assertion any City policy caused any alleged violation of rights at issue in this case. Since Plaintiff has failed to allege facts for any, yet alone, each element of a claim against the City, the Court should dismiss this claim as well.

**V.     Plaintiff failed to allege facts which overcome Officer Bradshaw's immunity.**

50.     "[W]hen an individual defendant asserts qualified immunity, the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw*, 918 F.3d at 416-17 (internal citations omitted). To state a claim against public servants who have asserted qualified immunity, Plaintiff must "plead more than conclusions" and must allege

---

[5] If evidence of such "encouragement" exists, Plaintiff must allege facts identifying the basis for this conclusion. Of course, no such policy exists.

individualized facts that overcome the presumption of qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1430-34 (5th Cir. 1995) (EN BANC); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). When governmental employees raise immunity, "the complaint must state with *factual detail and particularity* the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (emphasis added); *accord Backe v. LeBlanc*, 691 F.3d 645, 649 (2012); *Schultea*, 47 F.3d at 1430-34.

51.     Analysis of qualified immunity also entails a determination of whether the protected right allegedly violated, considering the specific factual circumstances of the case, was so clearly established in a particularized sense at the time [Officer Bradshaw] acted, that no objective officer could have reasonably believed the challenged action was lawful. *Saucier*, 533 U.S. at 201-02; *Brosseau*, 543 U.S. at 198; *Thompson v. Mercer*, 762 F.3d 433, 440-441 (5th Cir. 2014); *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 385 (5th Cir. 2009); *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000); *Babb*, 33 F3d at 477. Whether a right was clearly established is an inquiry which "must be undertaken in light of the case's specific context, not as a broad general proposition." *Saucier*, 533 U.S. at 201-02. If the law did not put an officer on notice his conduct was clearly unlawful, immunity is appropriate. *Id.* at 202; *Mendenhall*, 213 F.3d at 230. "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (quoting *al-Kidd*, 563 U.S. at 743, also (quoting

*Malley v. Briggs*, 475 U.S. 335, 341 (1986). Therefore, "[i]f reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Pfanstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). Officer Bradshaw is presumed immune unless the Plaintiff "can identify a case [opinion] where an officer acting under similar circumstances…was held to have violated the Fourth Amendment." *White*, 137 S. Ct. at 551; *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) (Per Curiam); *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017). Plaintiff fails to satisfy this prerequisite because, in fact, no such body of law exists. Applying these controlling standards, pre-existing law did not fairly warn Officer Bradshaw his actions violated clear established law and Officer Bradshaw is immune from this suit.

52.     Since, Officer Bradshaw has asserted his immunity and has also identified relevant legal authorities which support his immunity, it is Plaintiff's burden to allege facts in his amended complaint that overcome immunity, *Orr v. Copeland*, 844 F.3d 484, 490-91 (5th Cir. 2016). Plaintiff failed to satisfy that burden, so the claims against Officer Bradshaw should be dismissed based on his immunity.

CONCLUSION AND PRAYER

53.     For these reasons, the Court should dismiss all claims asserted in Plaintiff's lawsuit.

                    Respectfully submitted,

                    */s/ Norman Ray Giles*
                    William S. Helfand
                    Attorney-in-Charge
                    SBOT: 09388250
                    Southern District of Texas Bar No. 8791
                    Norman Ray Giles
                    SBOT: 24014084

Southern District of Texas Bar No. 26966
Randy E. Lopez
State Bar No. 24091829
Southern District of Texas Bar No. 3369137
Randy.Lopez@lewisbrisbois.com

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendants
City of League City, Texas
Officer Patrick Bradshaw

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to

counsel of record in accordance with the District's ECF service rules on this 3rd day of

February, 2022.

Dax F Garza PC
3730 Kirby Dr., Ste. 250
Houston, Texas 77098
dax@daxgarzalaw.com
*Attorney for Plaintiffs*

*/s/ Norman Ray Giles*